MILNE *vs.* MAYOR ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The town of Milneburg, on the margin of the lake at Port Pontchartrain, is considered to lie within the incorporated limits of New-Orleans, and subject to the operation of the city ordinances and police regulations.

Where the act of incorporation does not expressly include the inhabitants of a certain place within the city limits, yet if they considered them-

selves residents within the limits of the city, and enjoyed the rights of the other corporators for a long time, this will be adopted as a practical interpretation of the law, as embracing and subjecting them to the police regulations.

This case depends entirely on the construction of the boundary clause, in the act of the legislature, passed in 1812, defining the chartered limits of the city of New-Orleans.

The plaintiff shows, that he laid out a town in 1831, at the end of the Pontchartrain Rail Road, on the margin of the lake, which he called Milneburg. He now resists the right of the city authorities of New-Orleans to extend their ordinances and police regulations to his town, and to require taxes, tavern licenses, &c. to be paid by him and the inhabitants thereof.

He prayed that the city authorities be perpetually enjoined from exercising such authority, and that the corporation be condemned to pay him ten thousand dollars in damages for injuries sustained, &c.

The defendants pleaded a general denial.

After hearing testimony and examining the acts of incorporation of the city of New-Orleans, the district judge gave judgment for the defendants. The plaintiff appealed.

The clause of the act of incorporation relied on, and the evidence, are set out in the opinion of this court, which follows :

*Preston,* for the plaintiff.

*Hoa, contra.*

*Carleton, J.,* delivered the opinion of the court.

The petitioner complains, that the mayor, aldermen and inhabitants of New-Orleans, have extended their municipal authority to Milneburg, a town which he caused to be laid out in 1831, at the margin of Lake Pontchartrain, on his own lands, which, he avers, are not within the incorporated limits of the city ; that they have interfered with the sale of his lots, and exacted heavy taxes from the keepers of taverns

EASTERN DIST.
January, 1839.

MILNE
vs.
MAYOR ET AL.

The town of
Milneburg, on
the margin of
the lake at Port
Pontchartrain,
is considered
to lie within the
incorporated li-
mits of New-Or-
leans, and sub-
ject to the opera-
tions of the city
ordinances and
police regula-
tions.

and boarding houses there, to his damage, in the sum of ten thousand dollars, for which he prays judgment, and that the defendants be perpetually enjoined from the further exercise of such authority.

The defendants assert their jurisdiction to be rightly exercised, and the court below being of opinion that Milneburg, (Port Pontchartrain,) was within the incorporated limits of New-Orleans, gave judgement for the defendants, and the plaintiff appealed.

Whether Milneburg was within the incorporated limits of New-Orleans at the period referred to by the parties, is the only question presented for our solution.

By a law of 1812, it is declared, "that the limits of the city of New-Orleans shall be comprehended in the following boundaries, viz. beginning at the Nuns' Plantation above, and extending below as far as the *Canal des Pêcheurs*, including the settlements of the Bayou St. Jean."

G. Préval, a witness for the defendants, testified, that since the year 1809, the inhabitants of Gentilly, as well as of the shores of the Bayou St. Jean, have always voted at the city elections, enjoyed all the rights and privileges of its other citizens, and have been subject to all the ordinances and regulations affecting the inhabitants of the non-incorporated suburbs of the city; that these facts have come to his knowledge from having presided as judge of several elections, and from having acted as secretary of the city council for seven or eight years.

D. Prieur, the mayor, testified, that since the establishment of the Pontchartrain Rail Road, the corporation of the city has exercised jurisdiction over the inhabitants at the lake, as well as those of Gentilly and the Bayou St. Jean, and that they have voted in the city elections; that in 1831, the plaintiff, A. Milne, submitted a plan of his town at the termination of the rail road at the lake, to the city council, in obedience to an ordinance to that effect, which was accordingly approved.

It is true that the law leaves the limits of the city quite vague and indefinite, and doubts may well arise as to its true

meaning. Nevertheless, the practical interpretation given to it for a number of years by those most interested in understanding its true import, cannot be without its influence upon the question. Though the inhabitants of Gentilly be not *eo nomine* specified in the law, yet it appears from the testimony of the witnesses, that they have considered themselves within the limits of the city, and enjoyed the rights of the other corporators, since the year 1809. So the inhabitants of Milneburg, (Port Pontchartrain,) though not expressly mentioned in the law, have given it the same practical interpretation, and exercised and enjoyed all the rights of citizens, and been under the police of the city regulations, since the first establishment of that town. This construction of law has been expressly settled by the act of the legislature of 1836, by which the city was divided into separate municipalities.

After much reflection, we think it safest to adopt this practical interpretation given to the act of 1812, and perceive, therefore, no good reason for disturbing the judgment of the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Margin:* EASTERN DIST. January, 1839.

Where the act of incorporation does not expressly include the inhabitants of a certain place within the city limits, yet if they considered themselves residents within the limits of the city, and enjoyed the rights of the other corporations for a long time, this will be adopted as a practical interpretation of the law, as embracing and subjecting them to the police regulations.